UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SCOTT DAVID KISTNER, | ) | CASE NO. 4:06 CV 1831 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN, F.C.I. ELKTON, et al., | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On July 31, 2006, pro se petitioner Scott David Kistner filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contests the fact that the sentencing court imposed a term of special parole to follow his conviction for drug conspiracy. Mr. Kistner claims that this issue involves the execution of sentence and that the respondent's refusal to release him from prison is in violation of the Sentencing Reform Act (SRA) and the Anti-Drug Abuse Act of 1986 (ADAA).

*Background*

Mr. Kistner was indicted in the United States District Court of Minnesota on December 23, 1985 and charged with violating 21 U.S.C. §§ 841 (a)(1) and 846. After pleading not guilty to the charges he proceeded to trial and a jury found him guilty of both offenses. On March

3, 1987 the court imposed a six year prison term, followed by five years of special parole for Count I and six years special parole for Count II.

After his release from prison, Mr. Kistner admits to "multiple violations" of his special parole terms over the last several years. He recently violated his parole term again and is serving a term of imprisonment as a result.

*Analysis*

It is Mr. Kistner's position that the trial court improperly imposed a term of special parole at the time he was sentenced. He asserts that instead of special parole, the court should have imposed a term of supervised release because the ADAA mandates that a supervised release term follow a term of imprisonment for certain drug offenses. Mr. Kistner adds that the trial court's imposition of a special parole term in relation to his drug conspiracy count is a violation of the principles set forth by the Supreme Court in Bilfulco v. United States, 447 U.S. 381 (1980).[1] Moreover, he claims that the Eighth Circuit Court of Appeals noted that the drug conspiracy statute, of which he was convicted, is "subject to the same penalties as those prescribed for the (underlying substantive) offense." (Pet. at 4, citing United States v. Wessels, 12 F.3d 746, 752 (1993)). It is

---

[1] Although Mr. Kistner does not outline the "principles" at issue in his case, Bifulco involved an appeal that was taken pro se from an order of the United States District Court for the Eastern District of New York denying the petitioner's motion to vacate his sentence. The Second Circuit affirmed the district court's decision. After certiorari was granted, the Supreme Court held that the provision of the Comprehensive Drug Abuse Prevention and Control Act, stating that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy," did not authorize the sentencing court to impose a term of special parole upon a defendant convicted of conspiracy to manufacture or distribute a controlled substance, even though that sanction was included within the penalty provision of the target offense. Bilfulco, 447 U.S. at 383.

on this basis that he maintains Congress made "a conscious and not irrational legislative choice" id., when it failed to expressly authorize the imposition of special parole for a drug conspiracy conviction. He asserts that because his special parole "is illegal and the Petitioner is incarcerated by virtue of a warrant for violating 'special parole', as such his current incarceration is illegal." (Pet. at 4.)

*28 U.S.C. 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw, 86 F.3d at 166.

Mr. Kistner maintains that because both of his underlying convictions fall within the statutory guidelines of the SRA and the ADAA, "and both affect the execution of the Petitioner's sentence and not the mere fact of a criminal conviction or presence of a sentence (actionable via 28 U.S.C. § 2255)," he is entitled to §2241 relief. (Pet. at 2.) This is a misstatement of the facts and relevant case law.

"Given society's substantial interest in the finality of judgments, only the most serious

defects in the trial process will merit relief outside the normal appellate system.... Accordingly, nonconstitutional errors ordinarily are not cognizable on collateral review. Defendants must assert their claims in the ordinary course of trial and direct appeal." Grant v. United States, 72 F.3d 503, 506 (6th Cir.1996). In a case similar to the present one a defendant waived his opportunity to challenge the imposition of supervised release, where he failed to object to his sentence once a written judgment and commitment order was entered, and he did not raise the issue on direct appeal or in his postconviction motions. United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000).

There is no explanation for Mr. Kistner's failure to address his sentencing concerns during the normal course of appellate review. His attempt to characterize this petition as an attack on the execution of his sentence misses the mark to the extent that the BOP lacks authority to set aside any part of a prisoner's prison term. It is clear that Mr. Kistner's quarrel is with the trial court and its alleged errors at the time of sentencing; this is a matter best addressed in a motion to vacate pursuant to 28 U.S.C. § 2255.

Although § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, it is only permitted in circumstances where it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." See United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). Here, Mr. Kistner does not assert that his remedy under § 2255 is inadequate or ineffective, and there is no viable theory under which he could assert such a claim based on the facts he has alleged.

As a matter of law, § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d

4

753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Dan Aaron Polster 9/22/06
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE